## D. Lovejoy & Son v. James M. Arnold, Receiver, etc., et al.

1. FINAL DECREES—*Dissolution of an Insolvent Corporation.*—A decree granting relief in a suit to dissolve an insolvent corporation, under the provisions of section twenty-five of the act concerning corporations, dissolving the corporation and retaining control of the assets, through a receiver, for their proper distribution, is a final decree.

2. APPEALS—*Do Not Lie from Incidental Orders.*—Parties can not, by an appeal from an incidental order which merely seeks to protect the assets of an insolvent corporation in the hands of a receiver, by restraining such parties from attempting to reach them through a proceeding in another court, attack the sufficiency of the proceeding which led up to the final decree dissolving the corporation, where no appeal has been taken from such decree.

Bill, to dissolve an insolvent corporation. Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed April 27, 1900. Rehearing denied May 4, 1900.

Statement.—This appeal is brought as an appeal from an interlocutory order, under the act providing for appeals from interlocutory orders of injunction or for appointment of receivers.

A suit was brought by bill in chancery upon February 16, 1899, by R. B. Jones against the Preble Machine Works Company, a corporation, and certain stockholders and directors of such corporation, to obtain an accounting of the affairs of the corporation, the appointment of a receiver to manage its business, and a winding up of the business of the corporation " if found necessary," and for general relief. Upon the same day a receiver was appointed. On April

19, 1899, appellants filed an intervening petition as creditors of the corporation, seeking to reach certain specific property and certain moneys in the possession of the corporation. On the same day an order was entered, making appellants parties defendant to the original bill, and giving them leave to file their cross-bill. The cross-bill was filed by appellants, setting up their right to property and funds held by the corporation. Answers thereto were filed by complainant and defendants in the original suit.

In June, 1899, appellants petitioned the court to remove the receiver theretofore appointed, and to appoint another person in lieu of him.

In July, 1899, the order entered in April, making appellants parties defendant to the original suit and allowing them to file a cross-bill, was amended by striking out all that part and making the order read simply for leave to file an intervening petition. At the same time Jones was permitted to so amend his original bill of complaint as to bring it within the provisions of section 25 of the incorporation act and make it a bill to wind up an insolvent corporation.

On September 20, 1899, a decree was entered in the original suit, which is in part as follows:

" It appearing to the court that the stock of said company was and is fully paid up, and that said company has ceased doing the business for which it was incorporated and is insolvent, and that all the material allegations of the amended bill of complaint had been admitted by the joint answer of the defendants or proved as alleged, it is ordered, adjudged and decreed that said corporation, the Preble Machine Works Company, be and hereby is dissolved; further ordered that the receiver hold the assets of said estate pending the further order of the court."

At the time this decree was entered, appellants were still parties to the proceeding as intervening parties. No appeal was taken from this decree, nor was it afterward at all modified, but it still remains in full force and effect.

After the decree, by order of October 3, 1899, appellants were dismissed out of the case as intervening petitioners

upon their own motion, and upon October 26, 1899, another order was entered setting aside and vacating the order of October 3, 1899.

Upon October 3, 1899, appellants began a proceeding by filing their bill of complaint in the Circuit Court of Cook County for the purpose of reaching and controlling through a receivership the same assets of this corporation which were in the hands of the receiver appointed as above set forth by the Superior Court.

Upon November 29, 1899, the Superior Court, upon motion of its receiver, entered an order restraining appellants from further prosecution of the suit in the Circuit Court. From that order this appeal is prosecuted.

JOHN J. SYMES and CHARLES T. FARSON, attorneys for appellants.

W. GALE BLOCKI, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

The decree of the September term of the Superior Court is a final decree, granting the relief sought in this suit, viz., the dissolution of the insolvent corporation. This order, now appealed from, is an order incidental to and for the carrying out of that final decree. The final decree dissolved the corporation and retained control of the assets through its receiver, for their proper distribution. The order now appealed from merely seeks to protect those assets in the hands of the receiver by restraining an attempt to reach them through another proceeding. No appeal has ever been taken from the final decree. The appeal from this order presents but one question, viz., the sufficiency of the proceedings in the Superior Court to sustain its final decree. This we can not inquire into. Without discussing the definition of an interlocutory order as including only such orders as are intermediate between original process and final judgment, or as including in a broader sense all orders not final,

whether preceding or subsequent to final decree, we are of opinion that this order is merely an incident to the carrying out of the final decree, and that upon an appeal from such order we can not question the propriety of that decree. If this order were attacked upon other grounds it might be a matter of no consequence whether it preceded or followed a final decree. But when the sole complaint as to the propriety of the order is based upon the contention that the final decree of the September term is bad, we must decline to make this appeal a ground for reviewing a final decree not appealed from.

If the Superior Court had any jurisdiction whatever of the subject-matter presented upon the original bill of complaint, as we think it had, whether it could upon that bill dissolve the corporation or not, yet, by force of its jurisdiction, however limited, the power to enter the final decree upon the amended bill would follow. That the court had jurisdiction of the persons of appellants is clear. As intervening petitioners they could prosecute their writ of error to reverse the final decree, if they had chosen so to do, instead of permitting it to be binding upon them. But they can not, by an appeal from this order which is a mere incident to the carrying out of the final decree, thus attack the sufficiency of the proceedings which led up to that decree.

No other complaint is made of the order. The order is affirmed.